UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-13896-RGS

PATIENT TO PERSON, LLC

v.

CAREISMATIC BRANDS, LLC f/k/a
STRATEGIC PARTNERS, INC.; CAREISMATIC
SV LLC f/k/a SILVERTS ADAPTIVE, LLC; and
SILVERTS UNIVERSAL DRESSING
SOLUTIONS, INC.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

May 29, 2026

STEARNS, D.J.

Plaintiff Patient to Person, LLC (PTP), brings this action against defendants Careismatic Brands, LLC (Careismatic Brands), Careismatic SV LLC (Careismatic SV), and Silverts Universal Dressing Solutions, Inc. (Silverts), asserting state contract and federal antitrust claims. Defendants move to dismiss on several grounds, the most immediately relevant of which is the claim that the Bankruptcy Court's confirmation of a Chapter 11 plan rejecting Careismatic Brands' supply contract with PTP discharged any debt

between the parties.[1]  For the following reasons, the court will allow the motions.

## FACTUAL BACKGROUND

PTP "designs and sells certain so-called 'post-surgical and treatment clothing' and 'recovery wear' products for patients across the medical spectrum with various physical disabilities, with a specialized focus on cancer patients."  Compl. [Dkt # 1] ¶ 28.  It has received a utility patent and trademark protection for its designs.

On October 28, 2019, PTP entered into a Licensing Agreement with Careismatic Brands, which gave Careismatic Brands an exclusive license to use PTP's designs for a term of ten years.  The parties dispute whether Careismatic Brands complied with the terms of the Licensing Agreement after it went into effect.  It is undisputed, however, that on January 22, 2024, Careismatic Brands filed a Chapter 11 petition for bankruptcy with the United States Bankruptcy Court for the District of New Jersey.

---

[1] PTP does not dispute that its federal antitrust claims, like its state law claims, depend on the continued existence of the Licensing Agreement.  If the parties are no longer bound by the contract, PTP is free to sell its products independently of Careismatic Brands, and the non-compete agreement between Careismatic Brands and Silverts Universal does not impair competition.

Careismatic Brands allegedly did not list PTP as a creditor entitled to receive notice when filing its petition.  PTP nonetheless became aware of the proceeding in time to file an initial proof of claim.  *See* Proof of Claim Form [Dkt # 28-1].  On the form, PTP designated 247 Bridges Lane, North Andover, MA, as the address to which notice should be sent.

Careismatic filed several versions of a Chapter 11 Joint Plan of Reorganization, all of which rejected the contract with PTP.  Notice of these plans was not sent to PTP at the North Andover address but instead to 351 Pleasant Street, Suite 322, Northampton, MA, and 1 Parker Street, Lawrence, MA.[2]  PTP consequently did not timely file an amended proof of claim before the Rejection Claim Bar Date.

The Bankruptcy Court for the District of New Jersey ultimately issued an Order confirming the Chapter 11 reorganization plan of Careismatic Brands.  After reorganization, Careismatic Brands exited the post-surgical recovery wear business and spun off the corresponding part of Careismatic SV[3] to form the independent company Silverts Universal.  As part of that

---

[2] At least one of these addresses is seemingly affiliated with PTP, as it is the location listed for notice in the Licensing Agreement.  *See* Compl., Ex. A.

[3] Careismatic SV is a wholly-owned subsidiary of Careismatic Brands.

restructuring, Careismatic Brands agreed not to compete with Silverts Universal in the post-surgical recovery wear business.  This action ensued.

## DISCUSSION

The parties dispute two core issues.  First, does the bankruptcy proceeding preclude any claim based on defendants' pre-petition conduct? And second, if pre-petition conduct is not actionable, did the contract nonetheless survive rejection, such that the parties are still liable for post-petition conduct? The court addresses each in turn.

## I.    Pre-Petition Conduct

The Bankruptcy Court Order confirming Careismatic Brands' Chapter 11 reorganization plan would ordinarily preclude a creditor from bringing any claim premised on pre-petition conduct.  PTP argues that it is entitled to an exception from this general rule under 11 U.S.C. § 523(a)(3)(A).

Section 523(a)(3)(A) states:

> A discharge . . . does not discharge an individual debtor from any debt neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing.

PTP argues that, because it did not receive notice of the contract rejection in time to file a claim by the Rejection Claim Bar Date, its claims fall within the

4

scope of this exception. But the court is not convinced. By its plain language, the statute exempts a debt from discharge only if the creditor did not receive notice "*of the case*" in time to file a proof of claim.[4]  § 523(a)(3)(A) (emphasis added). PTP does not identify any language in the statute (or cite to any legal precedent), which might support extending the exception more broadly to situations in which a creditor knows of the case but does not receive notice of a subsequent contract rejection.[5]

## II.    Post-Petition Conduct

Relying on the Supreme Court's holding in *Mission Product Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370 (2019), PTP argues that the Licensing Agreement survived the bankruptcy proceeding, and therefore that defendants' post-petition breaches of that agreement are actionable. Again, the court is not persuaded.

In *Mission Product*, the Supreme Court concluded that a creditor had continuing rights to use the debtor's trademarks even though the debtor had

---

[4] There is no dispute that PTP had notice of the case in time to file an initial proof of claim.

[5] This conclusion does not, of course, leave PTP without a remedy. It remains free to argue to the Bankruptcy Court that it should excuse an untimely filing on notice grounds. It also remains free to pursue legal action to the extent it believes that Silverts Universal's products infringe its intellectual property rights.

rejected the contract in a bankruptcy proceeding, reasoning that the rejection breached but did not rescind the contract between the parties. Key to the Court's holding, however, was the fact that the license existed independently of the debtor's future performance under the contract. *See id.* at 381 ("The debtor can stop performing its remaining obligations under the agreement. But the debtor cannot rescind the license already conveyed. So the licensee can continue to do whatever the license authorizes."). Nothing in the decision purports to authorize a creditor to compel a debtor's future performance under the contract, as PTP proposes here. *See id.*; *see also In re Nine Point Energy Holdings, Inc.*, 633 B.R. 124, 135 (D. Del. 2021). ("*Mission Product* stands for the proposition that rejection cannot restrain a non-debtor's use of its contractual rights that do not depend on the debtor's future performance; it does not allow a non-debtor to force the debtor to perform under a contract after its rejection.").

## ORDER

For the foregoing reasons, defendants' Motions to Dismiss are ALLOWED. The Clerk shall dismiss the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

6